**EXHIBIT A**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00131-MSK-KMT

TANISHA TANKERSLEY,

    Plaintiff,

v.

CONTINENTAL COLLECTION AGENCY,

    Defendant.

## PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

### PLAINTIFF'S RULE 26(A) INITIAL DISCLOSURES

TANISHA TANKERSLEY, Plaintiff, through her attorneys, KROHN & MOSS, LTD., in compliance with Federal Rule of Civil Procedure 26(a)(1), states as follows:

**FRCP 26(a)(1)(A)(i) Names and Addresses of Individuals with Discoverable Information:** the individuals listed below are likely to have discoverable information that the disclosing party may use to support its claims or defenses unless solely for impeachment. The subjects of information are not all inclusive and each individual may have knowledge of subjects other than those listed below:

1. **Plaintiff, Tanisha Tankersley, can be reached through counsel, Krohn & Moss, Ltd., 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.** Plaintiff will testify about the facts alleged in her Complaint.

2. **Plaintiff's Father, Mr. Tankersley, can be reached through counsel, Krohn & Moss, Ltd., 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.** Plaintiff's father will testify about the facts alleged in Plaintiff's complaint; the facts as stated in his written statement; His oral communications with Defendant.

3. **Defendant's agents, servants, collectors, managers, supervisors, etc. (employees).** Plaintiff does not yet know the identity of Defendant's employees that were involved with the facts alleged in Plaintiff's Complaint. Once Defendant's employees are identified, Plaintiff anticipates Defendant's employees will testify about the following: their knowledge of the facts, circumstances, and allegations contained in Plaintiff's Complaint; the qualifications, duties, supervision, and training of individuals, including themselves, involved in the facts surrounding Plaintiff's Complaint; their training and knowledge of the Fair Debt Collection Practices Act; Defendant's policies, procedures, and practices regarding collection activities; documents relating to the facts alleged in Plaintiff's Complaint; and Plaintiff's account notes.

4. All other persons disclosed by Defendant. Other parties not yet known, but to be discovered and disclosed later by Plaintiff. Any other witnesses identified by any party.

**FRCP 26(a)(1)(A)(ii) Documents used to support claims or defenses:** the following are documents and other tangible things that Plaintiff has in its possession, custody, or control that may be used to support Plaintiff's claims or defenses, unless the use would be solely for impeachment.

1. Plaintiff's Complaint
2. Plaintiff's father's written statement.

3. All documents in Defendant's possession, custody, or control regarding the facts alleged in Plaintiff's Complaint.

4. Copies of all Better Business Bureau Complaints; Federal Trade Commission Complaints; lawsuits; demand letters; or any other document evidencing or alleging liability on Defendant's part or its employees for violations of the FDCPA or any other state collection law formal or informal, for a period from three years prior to the filing of this lawsuit through today, by any person, agency, or entity.

**FRCP 26(a)(1)(A)(iii) Damages:** Plaintiff's computation of each category of damages is as follows:

1. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), statutory damages of $1,000.00,
2. Pursuant to 15 U.S.C. § 1692k(a)(3), litigation costs and reasonable attorneys' fees, and
3. Any other relief this Honorable Court may deem appropriate.

*Plaintiff provides these disclosures pursuant to Rule 26(a)(1)(A)(i-iii) with the information reasonably available at this time, however, Plaintiff reserves the right to amend her initial disclosures as additional information becomes available during the course of the discovery process. In accordance with Rule 26(e), Plaintiff will supplement these disclosures as additional information becomes available.*

By:   /s/ Nicholas J. Bontrager
Nicholas J. Bontrager
Krohn & Moss Ltd.
10474 Santa Monica Blvd. Suite 401
Los Angleles, CA 90025
T: 323-988-2400 x229
F: 888-755-0945
nbontrager@consumerlawcenter.com

## PROOF OF SERVICE

I, Christopher G. Addy, state the following:

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 10474 Santa Monica Blvd., Suite 401, Los Angeles, California 90025. On May 6, 2010, I served the following documents:

**Plaintiff's FRCP 26(a) Disclosures**

On the parties listed below:

Paul Spivak
1720 S. Bellaire Street, Suite 801
Denver, CO 80222

paul@contcollections.com

By the following means of service:

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to
the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[X] **STATE:** I declare under penalty of perjury under the laws of Ohio that the above is true and correct.

Executed on May 6, 2010, at Los Angeles, California.

By___/s/ Christopher G. Addy_____
Christopher G. Addy

Fax to
866.802-0021
Karen Eisenberg

I received a call on my work cell phone while out with my family at a restaurant. The person asked to talk to Tanisha. When I asked what it was regarding, I believe they responded it was about a debt. At that time I gave my phone to Tanisha.

About 10 months later, I received another call on my work cell phone from a Todd. I called him back, and requested he no longer call my work phone requesting Tanisha, he hung up on me. I called back and spoke with a manager and put in a complaint about Todd's rudeness to me and hanging up on me.

[signature]

1-20-10