**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:10-cv-00131-MSK-KMT**

TANISHA TANKERSLEY,

     Plaintiff,

         v.

CONTINENTAL COLLECTION AGENCY,

     Defendant.

---

**PLAINTIFF'S OPPOSED MOTION TO ALTER OR AMEND JUDGMENT**
**PURSUANT TO FED. R. CIV. P. 59(e)**

---

     **NOTICE IS HEREBY GIVEN** that Plaintiff, TANISHA TANKERSLEY, by and through her attorneys, KROHN & MOSS, LTD., hereby moves this Honorable Court for an order altering or otherwise amending the Court's April 6, 2011 order denying Plaintiff's Motion for Attorneys' Fees and Costs.  This motion, pursuant to *Fed. R. Civ. P. 59(e),* is based upon this notice, the memorandum of points and authorities, the exhibits attached thereto, and all files, pleadings and records in this action.  Furthermore, Plaintiff's counsel certifies that this motion complies with LR 7.1A as Plaintiff has attempted to meet/confer and resolve the issues presented with Defendant's counsel to no avail.

     Specifically, on May 2, 2011, Plaintiff's counsel advised Defendant's counsel of Plaintiff's intent to seek relief from the April 6, 2011 Judgment by way of the instant motion.  Plaintiff's counsel requested that Defendant's counsel convey Defendant's position regarding the instant motion and if Defendant intended to oppose.  On May 2, 2011, Plaintiff's counsel was informed that Defendant intends to oppose the instant

motion.

By:_____/s/ Nicholas J. Bontrager_____
Nicholas J. Bontrager
Krohn & Moss Ltd.
10474 Santa Monica Blvd. Suite 401
Los Angleles, CA 90025
T: 323-988-2400 x229
F: 888-755-0945
nbontrager@consumerlawcenter.com

## I.      INTRODUCTION

On December 6, 2010, Plaintiff filed her Motion for Attorneys' Fees and Costs after accepting Defendant's Offer of Judgment which expressly provided for the recovery of attorneys' fees and costs.   On December 27, 2010, Defendant filed its Opposition to Plaintiff's motion and Plaintiff filed her Reply in support of her motion on January 10, 2011.   On April 6, 2011, the Court entered an order denying Plaintiff's motion.  (Dkt# 22).  Specifically, the Court held:

> Although the applicable provisions of the Fair Debt Collection Practices Act allow counsel for a prevailing plaintiff to recover reasonable fees and costs without the client having incurred (or being liable for) same, the Plaintiff and her counsel waived such statutory right in the accepting Defendant's offer of judgment [15] which specifically limited the Defendant's obligation to pay. Under the terms of the stipulated judgment, the Defendant is obligated to pay only reasonable costs and attorney's fees "incurred by the Plaintiff". According to her motion, the Plaintiff was represented by counsel "free of charge", thereby incurring no attorney fees and costs. In accordance with the stipulated judgment, therefore, Plaintiff's counsel is not entitled to any award.

*Id*.  The Court has misinterpreted the relationship between Plaintiff and her counsel as Plaintiff is not being represented on a "pro bono" basis.  Rather, Plaintiff retained Krohn & Moss, Ltd. who relied solely on the fee-shifting provisions of the Fair Debt Collection Practices Act (FDCPA), *15 U.S.C. § 1692 et seq.*, to be paid.   (See redacted copy of client-attorney agreement attached hereto as Exhibit "A").  Plaintiff's attorneys agreed to defer receiving payment for the time it expended representing Plaintiff until the conclusion of the action.  (See Exhibit "A").  Moreover, Plaintiff agreed to remain responsible for the fees and costs incurred by the firm should Plaintiff either terminate her relationship with her attorneys or Plaintiff settle her case without a provision that her

attorneys are paid.  (See Exhibit "A").  Plaintiff simply could not afford to hire a law firm to represent her where she would have to pay attorneys' fees as they were incurred. Rather, Plaintiff hired a law firm that agreed to represent her in such a manner that provided Plaintiff with access to the Court.  Should the Court not reconsider its order of April 6, 2011, manifest injustice will result as Plaintiff will now be contractually required to pay her attorneys for accepting an offer that did not provide for payment of attorneys' fees and costs.

However, Defendant did not serve an offer on Plaintiff that restricted her right to recover attorneys' fees to only those she paid out of her pocket.  Nowhere in Defendant's Offer of Judgment can such language be found.   As the maker of the offer, Defendant was bound to be precise with any ambiguities contained within the offer being construed against Defendant.   While Plaintiff does not now or ever believe that she waived her right to recover attorneys' fees and costs by accepting Defendant's Offer of Judgment, any such interpretation of the Offer would now leave Plaintiff in the position of accepting an offer that resulted in her attorneys' not being paid.  This absurd result contradicts Plaintiff's attorney-client relationship which allowed Plaintiff's attorneys to rely solely on the fee-shifting provision of the FDCPA to be paid, something that Congress and the FTC would encourage in order to foster the private enforcement of the Act.

Most consumers, like Plaintiff, who are saddled by debt and being harassed by debt collectors, will be in no position to pay attorneys to represent them.  Accordingly, if the Court does not reconsider its order, Congress' intent of encouraging the private enforcement of the Act will be thwarted every time a debt collector serves a similar Offer of Judgment which baits the consumer into accepting because the consumer reasonably

believed her attorneys' fees would be paid upon acceptance. Quite simply, Plaintiff received a judgment which statutorily entitled her to the recovery of attorneys' fees, something she did not expressly waive. Accordingly, Plaintiff brings the instant motion pursuant to *Fed. R. Civ. P. 59(e)* respectfully requesting that the Court alter or amend the judgment issued on April 6, 2011 and issue an order awarding Plaintiff her reasonable attorneys' fees and costs incurred.

## II.     STANDARD OF REVIEW

The District Court of Colorado has held that "it is well settled that "[t]he Federal Rules of Civil Procedure... allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from judgment pursuant to Fed.R.Civ.P. 60(b)." *Ground Improvement Techniques, Inc. v. Federal Insurance Co.*, 2009 WL 663052 (D. Colo. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995)). This same standard has been applied to both Rule 59(e) motions, *see id.; Schlussler-Womak v. Chickasaw Tech Prod.,* 116 Fed. Appx. 950 (10th Cir.2004) (unpublished), and Rule 60(b) motions, *see Lyons v. N.M. Dep't of Corr.,* 12 Fed. Appx. 772, 773 (10th Cir.2001) (unpublished); *Adams v. Anderson,* 12 Fed. Appx. 910, 914 (10th Cir.2001) (unpublished). *Id.*

Pursuant to *Fed. R. Civ. P. 54(a)*, "'Judgment' as used in these rules includes a decree and *any order* from which an appeal lies." (emphasis added). Accordingly, Plaintiff has standing to bring her instant motion pursuant to *Fed. R. Civ. P. 59(e)* as she

seeks to alter or amend the order issued on April 6, 2011 regarding her entitlement to attorneys' fees and costs incurred.  Plaintiff's position was affirmed by the District Court of Oregon in 1996 where the court held that "[a]pplying these general concepts to this case leads to the following conclusion. The Judgment entered March 4, 1996, was a final and appealable judgment. In addition, *the order awarding attorney fees entered April 9, 1996, also was a final and appealable judgment*. The motion for reconsideration was actually a FRCP 59 motion to alter or amend judgment . . . ." *Nemo v. City of Portland*, 1996 WL 454988 (D. Or. 1996) (emphasis added).

## III.   ARGUMENT

Plaintiff brings her motion to "correct clear error" and to "prevent manifest injustice."  Specifically, Plaintiff respectfully seeks to cure the error of the Court pertaining to its incorrect interpretation of Plaintiff's relationship with her counsel.  As detailed herein, Plaintiff's attorneys did not agree to represent Plaintiff on a "pro bono" basis.  (See Exhibit "A"). The Court's incorrect interpretation of the attorney-client relationship in the case at bar will result in "manifest injustice." Specifically, application of the Court's order will now obligate Plaintiff to pay her attorneys' fees as Plaintiff accepted a settlement that resulted in her attorneys' not being paid.  (See Exhibit "A"). Further, the Court's order will dissuade the private bar from representing consumers who are harassed by debt collectors for fear that the attorneys will not be paid in similar situations to the case at bar.  Clearly, this was not the intent of Congress when it enacted a fee-shifting provision in the FDCPA which automatically entitled Plaintiff to the recovery of attorneys' fees in prosecuting this "successful" action.

### A.      Plaintiff's counsel do not represent Plaintiff in a "pro bono" capacity.

In denying Plaintiff's Motion for Attorneys' Fees and Costs, the Court incorrectly concluded that, "Plaintiff was represented by counsel 'free of charge', thereby incurring no attorney fees and costs. In accordance with the stipulated judgment, therefore, Plaintiff's counsel is not entitled to any award." (Dkt #22). However, the Court has misconstrued the relationship between Plaintiff and her counsel. As evidenced by the attorney-client agreement between Plaintiff and her counsel, Plaintiff's counsel merely agreed to defer payment through its reliance on the fee-shifting provision of the FDCPA. Specifically, the agreement states that "[w]e will agree to represent you for this claim and we will rely upon the fee-shifting provisions of the FDCPA or other applicable state statute for our firm to be paid." (See Exhibit "A"). The agreement also states that Plaintiff does hereby "agree to allow Attorneys to seek its attorneys' fees from the Defendant(s). We will seek our attorneys' fees by settling the attorneys' fees with the Defendant(s) or by petition the Court." (See Exhibit "A"). It is clear from this agreement that both Plaintiff and her counsel entered into an attorney-client relationship with the express understanding that Plaintiff's counsel was to be compensated for work performed, but that counsel would seek compensation by way of the fee-shifting provisions of the FDCPA and not by direct payment by Plaintiff. (See Exhibit "A"). This is direct in conflict with the Court's mistaken belief that Plaintiff's counsel represented Plaintiff in a "pro bono" capacity.[1]

---

[1] Notwithstanding Plaintiff's argument made in the instant motion, Plaintiff still contends as she did in her original Petition for Attorneys' Fees, that the mere acceptance of Defendant's Offer of Judgment rendered Plaintiff the prevailing party entitling her to the recovery of attorneys' fees. *See* discussion *infra* in section C and *see Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (awarding attorney fees under the underlying statute after plaintiff accepted defendant's federal Rule 68 offer of judgment); *Nusom v. Comh*

**B.**     **As a result of the Court's April 6, 2011 Order, Plaintiff is now contractually obligated to pay her counsel's attorneys' fees and costs incurred since Plaintiff accepted a settlement offer that resulted in no attorneys' fees and cost being recovered.**

The Court's order will result in "manifest injustice" as the order of the Court disallowing the recovery of attorneys' fees and costs will lead to Plaintiff being contractually obligated to pay the same to her attorneys.   Specifically, the agreement reads in pertinent part:

> There are only three (3) ways that you may be required to pay Attorneys its attorneys' fees: (1) if you decide not to go through with your claim after this Agreement is signed by either expressly terminating our services or by failing or refusing to continue with your case; (2) if you have made or do make in the future any material misrepresentations of fact to us about your case; or (3) if you agree to accept a settlement without a requirement that the Defendant(s) fully pay our fees.  If any of these three events occurs, Attorneys will seek our attorneys' fees from you directly at the rates described above.

(See Exhibit "A").  By expressly relying on the fee-shifting provision of the FDCPA in its written agreement and by stating conditions upon with Plaintiff would be responsible to pay her attorneys, it is evident that Plaintiff's attorneys never intended to be "pro bono" attorneys in this matter.   In contrast, Plaintiff and her counsel were under the expressed, written understanding that counsel would be compensated and that such compensation would either be resulting from the fee-shifting provisions of the FDCPA or directly from Plaintiff herself should the circumstances warrant.  (See Exhibits "A").  By accepting a settlement that ultimately did not lead to the firm recovering its attorneys'

---

*Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) (same);   *See Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002) (an enforceable private settlement agreement requiring the defendant to pay money to the plaintiff, where the district court retains jurisdiction to determine fees, entitles the plaintiff to statutory fees and costs as the prevailing party).

fees and costs, per section (3) detailed above, Plaintiff is now contractually obligated to her counsel for fees and costs incurred.

The Court's refusal to award attorneys' fees and costs has put Plaintiff in a position that reasonably could not have been foreseen given the case law relied upon by Plaintiff in her Reply to her Petition for Attorneys' fees and Costs and given the express language of the Offer which did not limit recovery to only those fees "paid" by Plaintiff directly.[2]  Plaintiff does not have now nor did she at any time have the financial means to pay her attorneys directly.  Accordingly, Plaintiff never would have accepted Defendant's Offer of Judgment had Plaintiff been aware that the only way her attorneys could have been paid would be in the event that she had been paying them all along.   (See Exhibit "B").

---

[2] *See Gezalyan v. BMW of North America*, LLC, 2010 U.S. Dist. LEXIS 34175 (C.D.CA 2010) ("Under fee-shifting provisions contained in remedial statutes, courts have routinely allowed fees to be recovered to compensate for legal services performed for a client even though the client did not have a personal obligation to pay for such services out of his or he own assets"); *Phillips v. General Services Administration, 924 F.2d 1577, 1582* (Fed. Cir. 1991) ("As the statute requires, any fee award is made to the 'prevailing party,' not the attorney.  Thus, Phillips' attorney could not directly claim or be entitled to the award.  It had to be requested on behalf of the party.  With this predicate, we construe the fee arrangement between Phillips and her attorney to mean that if an award of attorney fees is obtained on her behalf she is obligated to turn it over to her attorney.  In this sense, Phillips incurs the attorney fees that may be awarded to her"); *Wilson v. General Services Administration*, 126 F.3d 1406, 1409 (Fed. Cir. 1997) ("It is well-settled that an award of attorney fees is not necessarily contingent upon an obligation to pay counsel"); and *Rodriguez v. Taylor*, 1231 F.2d 533 (3d Cir. 1977) ("As a general matter, awards of attorneys' fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel.  The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards").

**C.**     **Notwithstanding the above, the mere fact Defendant agreed to the entry of judgment entitles Plaintiff to attorneys' fees, a right Plaintiff did not waive, irrespective of whether Plaintiff personally incurred attorneys' fees or not.**

The Court's order focusing on the language contained within Defendant's Offer of Judgment negates the significance of the effect of the entry of judgment and corresponding monetary judgment Plaintiff obtained.  Pursuant to *15 U.S.C. §1692k(a)*, Plaintiff is entitled to the recovery of attorneys' fees and costs for obtaining a "successful" result and being the "prevailing party" in this matter.  As recognized by the United States Supreme Court, the term "prevailing party" has been defined, in part, as: "A party in whose favor a judgment is rendered."  *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).   Since Defendant agreed to the entry of judgment which included the payment of a monetary amount, Plaintiff is the prevailing party and entitled to attorneys' fees.  *See Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir.1995) ("the act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general");  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory.   The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA");   and *Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) (noting that the FDCPA mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general).   The mere fact Defendant attempted to preface the recovery of attorney's fees on those actually "incurred" by Plaintiff cannot undue Plaintiff's statutory entitlement to the recovery of attorneys' fees and costs.

Additionally, Plaintiff did not expressly waive her right to recover attorneys' fees and costs by accepting Defendant's Offer of Judgment.  Nowhere in Defendant's Offer of

Judgment is any such waiver clearly made.  The Court's finding that Plaintiff waived her right to recover attorneys' fees disregards the fact that Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror.  *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.,* 298 F.3d 1238, 1244 (11th Cir. 2002) ("Absent a clear indication to the contrary the accepting party cannot be deemed to have received its fees or waived the right to seek them").  Further, "[b]ecause Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must make clear whether or not the offer is inclusive of fees . . . . As with costs, the plaintiff should not be left in the position of guessing what a court will later hold the offer means." *Id.*  The Offer of Judgment in the case at bar cannot reasonably be interpreted to allow the recovery of only those attorneys' fees which were actually "paid" by Plaintiff.  The Offer of Judgment simply does not say the same and any such interpretation would require the insertion of words into the Offer thus making it fail due to ambiguity.  To avoid this unjust result, the Court is bound to construe any such ambiguity in the offer against Defendant and must find that Plaintiff did not expressly waive her right to recover attorneys' fees and costs in this matter.

     **D.**    **The Court's April 6, 2011 Order contradicts the intent of Congress and the Federal Trade Commission's interpretation of the FDCPA to encourage the "private" enforcement of the FDCPA.**

The Court's order finding that Plaintiff "waived" her right to recover attorneys' fees by accepting Defendant's Offer of Judgment which expressly provided for those attorneys' fees and costs incurred, runs afoul of the intent of Congress and recent findings of the Federal Trade Commission (FTC).  Congress enacted the FDCPA in 1977 based upon a finding of "abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *15 U.S.C. § 1692(a)*.  In addition, Congress stated that "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *15 U.S.C. § 1692(e)*.

As recently as February of 2009, the FTC issued a Workshop Report on the subject of debt collection. *See The Challenges of Change, A Workshop Report* available at http://www.ftc.gov/bcp/workshops/debtcollection/dcwr.pdf.   The FTC noted in its report that "[d]ebt collection law enforcement must be pursued aggressively to deter collectors from engaging in conduct that harms consumers." *Id.* at ii.   Notably, the FTC also indicated it continues to rely on law firms, like Plaintiff's attorneys herein, to pursue illegal debt collection actions.  The FTC reported:

> **Private actions, not FTC actions, were intended to be and should continue to be the main means of promoting industry compliance with the FDCPA.** To increase deterrence, the law should be changed to increase the statutory damage amounts available in private FDCPA actions to reflect inflation since 1977.

*Id*. at ii (emphasis added).   The FTC went on to state:

> There was a general consensus at the workshop that the practices prohibited by Congress in the FDCPA harm consumers and that the prohibitions should be enforced vigorously. **The Commission therefore believes there is a continuing need for both public and private actions to deter violations of the statute.**

*Id.* at iii (emphasis added).    Accordingly, Congress and the FTC are reliant upon

individual consumers and private counsel to enforce the FDCPA against those of whom who fail or refuse to comply with the regulations and provisions contained therein. Requiring counsel to obtain a paying client to bring such claims in order to secure a reasonable fee for such work will likely prevent many, if not most, consumers from privately bringing FDCPA claims. This is contrary to the FTC's interpretation and recommendations as found in the 2009 report cited above. This would also lead to an absurd application of the statute, because someone like Plaintiff would not have sought to enforce her FDCPA claims should she have been required to pay her counsel attorneys' fees as they were actually incurred. Such a result would eviscerate the deterrent effect the attorneys' fee provision of the FDCPA was intended to provide in order to prevent unlawful and abusive collection tactics.

## IV.   CONCLUSION.

Plaintiff brings her instant motion due to "the need to correct clear error or prevent manifest injustice." *Ground Improvement Techniques, Inc. v. Federal Insurance Co.*, 2009 WL 663052 (D. Colo. 2009). The Court mistakenly mischaracterized Plaintiff's relationship with her counsel in a such a way as to determine that Plaintiff was represented free of charge and thus did not incur any legal fees in bringing her claims. Plaintiff is, in fact, obligated to her counsel for legal fees incurred, regardless of whether such fees are generated by the fee-shifting provisions of the FDCPA or by Plaintiff personally. However, given Plaintiff's "prevailing party" status by way of the judgment entered in her favor, to hold that Plaintiff is not entitled to a recovery of legal fees in this matter is not only a "manifest injustice," but also disregards the intent of Congress and the FTC to encourage private enforcement of the Act.

The purpose of Rule 68 is to encourage parties to attempt to resolve their actions amicably.  Plaintiff accepted an offer that provided her with a statutory judgment and which ended the litigation of her underlying claims, something that Rule 68 would encourage.  Nowhere in Defendant's Offer did it place a limitation on Plaintiff's ability to recover attorneys' fees for only those fees paid out of pocket.  Plaintiff would not have accepted such an offer.   Instead, Defendant allowed Plaintiff to obtain a judgment and to recover attorneys' fees incurred.   As recognized by the authorities relied herein and in Plaintiff's Reply to her Motion for Attorneys' Fees and Costs, simply because Plaintiff did not "pay" attorneys' fees does not mean they were not "incurred."   Given Defendant's failure to provide its definition of "incurred" in its Offer of Judgment, the ambiguity in the offer must be resolved in favor of Plaintiff.  Therefore, it cannot be said that Plaintiff "waived" her right to the recovery of attorneys' fees and costs.

WHEREFORE, Plaintiff requests that the Court amend its order of April 6, 2011 and grant Plaintiff's Motion for Attorneys' Fees and Costs.

**Respectfully Submitted,**

By:_____/s/ Nicholas J. Bontrager_____
Nicholas J. Bontrager
Krohn & Moss Ltd.
10474 Santa Monica Blvd. Suite 401
Los Angleles, CA 90025
T: 323-988-2400 x229
F: 888-755-0945
nbontrager@consumerlawcenter.com

# **EXHIBIT A**

```
                Tanisha Tankersley - Continental Collections.txt
From: Tanisha Tankersley [mailto:tanisha.tankersley@yahoo.com]
Sent: Thursday, January 07, 2010 3:13 PM
To: Eisenberg, Karen
Subject: "I agree to the terms below"

I , Tanisha Tankersley, agree with the terms below.
against continental collection Agency, Ltd.
Account No.  061419-7



_____

From: "Eisenberg, Karen" <keisenberg@consumerlawcenter.com>
To: tanisha.tankersley@yahoo.com
Cc: "Bontrager, Nick" <nbontrager@consumerlawcenter.com>
Sent: Thu, January 7, 2010 11:32:15 AM
Subject: Agreement with Krohn & Moss (Tanisha Tankersley v. Continental
Collections)


Tanisha:
```

CONSENT TO REPRESENTATION

Tanisha Tankersley - Continental Collections.txt

Client(s) Tanisha Tankersley and Krohn & Moss, Ltd., ("Attorneys") agree that
Attorneys will represent you in your consumer law matter and related claims under
the Fair Debt Collection Practices Act "FDCPA"
against Continental Collections with account number
_____ (if you don't have your account number, you
can put your social security number here).


We will handle your matter, explain your rights, keep you updated, and advise you of
your legal options.  We cannot and do not guarantee particular results.  You
authorize us to associate with anyone we deem necessary to litigate your claims.
You agree to keep us informed about your current address and telephone numbers.  You
agree that we may file a Complaint at Law in a jurisdiction other than your home
state and you agree to cooperate in the prosecution of the case.


Available Damages:  You may be entitled to recover two kinds of damages:
statutory and actual.  Actual damages may include recovery for your out of pocket
expenses incurred as a result of Defendant's violation of the FDCPA, any debt relief
or any other tangible economic benefit, and in some instances, damages designed to
compensate you for your aggravation, emotional distress, or embarrassment that you
incurred as a result of the Defendant's unlawful conduct.  Statutory damages are
damages that may be awarded to you based solely on Defendant's violation of the
FDCPA and these damages are not dependent on any actual damage.  Therefore, even if
you have suffered no actual damages, the law provides you the ability to recover
monetary compensation up to $1,000 for Defendant's violation of the statute.


We will not charge you for Attorneys' Fees:  We will agree to represent you for this
claim and we will rely upon the fee-shifting provisions of the FDCPA or other
applicable state statute for our firm to be paid.  We will not charge you for our
time and instead will bill the Defendant.
Our hourly rates are typically $100.00 to $130.00 per hour for paralegal time and
$180.00 to $400.00 per hour for attorney time.  Please be advised that these hourly
rates are subject to increase as much as $50.00 per year.  You hereby agree to allow
Attorneys to seek its attorneys' fees from the Defendant(s).  We will seek our
attorneys' fees by settling the attorneys' fees with the Defendant(s) or by
petitioning the Court. You hereby agree to cooperate in any proceedings necessary to
obtain these attorneys' fees; notwithstanding that our attorneys' fees
will likely exceed the amount of your recovery.    There are only three
(3) ways that you may be required to pay Attorneys its attorneys' fees:
(1) if you decide not to go through with your claim after this Agreement is signed
by either expressly terminating our services or by failing or refusing to continue
with your case; (2) if you have made or do make in the future any material
misrepresentations of fact to us about your case; or (3) if you agree to accept a
settlement without a requirement that the Defendant(s) fully pay our fees.  In any
of these three events occurs, Attorneys will seek our attorneys' fees from you
directly at the rates as described above.


We will not charge you for Attorneys' Fees if You Lose Your Case.    You
will pay no legal fees or costs to Attorneys if there is no recovery in your matter.


No up front costs:  There will be legal costs involved in handling your case,
including but not limited to postage, filing fees, long distance, legal research,
Page 2

Tanisha Tankersley - Continental Collections.txt
law clerks, copies, court reporters and process servers.
"Costs" are not legal fees and are always third party costs we have to front for
your case. Costs will be subtracted from any recovery you obtain in your case.
However, you will not pay costs if there is not a recovery in your matter, except
that you agree to pay reasonable copying and retrieval costs for your legal file if
you request it after your case is over. Understand that these costs never outweigh
your settlement. You will never "owe" an amount of costs after the deduction is
taken.


Appeals and Collection Matters: By entering into this Agreement, Attorneys may, but
are not required to, handle any appeals or other post judgment matters, such as
collection issues associated with this case.
A decision to handle any appeal or post judgment matter will be made on a
case-by-case basis should such a matter arise. Should attorneys elect to handle any
appeal or other post judgment matter, consent of client to proceed will be required.


Termination: Prior to the filing of any lawsuit on your behalf Attorneys' will
attempt to resolve your case with Defendant per your authority. Should the initial
pre-litigation of your case reveal facts that lead us to believe that the filing of
a lawsuit is not merited, Attorneys may cease their representation without filing a
lawsuit provided reasonable notification is given to you.


Limited Power of Attorney for Deposit of Any Settlement/Judgment
Proceeds: You hereby appoint Adam Krohn of Attorneys as your true and lawful
attorney, in fact, to act in your place and stead and you hereby grant Attorneys the
power to endorse any settlement/judgment check in order to deposit this check into
an attorney client-trust account.
After any funds have been deposited into the attorney client trust account and have
cleared the bank, a separate check for the amounts previously agreed upon or awarded
by the Court will immediately be sent to you. You also give Attorneys the power to
deduct from any settlement check all "costs" that have been incurred as detailed
above. All business transacted hereunder for me or for my account shall be
transacted in my name, and all endorsements and instruments executed by my said
attorney-in-fact for the purpose of carrying out the foregoing powers shall contain
my name, followed by that of my said attorney-in-fact and the designation
"attorney-in-fact."


Use of electronic mail (email): By providing us with your email address, you are
agreeing that we may communicate with you in this fashion. We will email you
details as to the status of your case and/or send you relevant documents for review
via email. However, email will not be used as an exclusive means of communication
and we will always welcome any phone calls, letters, or other means of
communication.


Print and sign your name(s) above

## PROOF OF SERVICE

I, Nicholas J. Bontrager, state the following:

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 10474 Santa Monica Blvd., Suite 401, Los Angeles, California 90025.  On May 4, 2011, I served the following documents:

**Plaintiff's Motion to Alter or Amend Judgment**

On the parties listed below:

Paul Spivak
1720 S. Bellaire Street, Suite 801
Denver, CO 80222
paul@contcollections.com

By the following means of service:

[X]   **BY ELECTRONIC CASE FILING:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above via the Court's CM/ECF system which provides electronic notice of filing to the party listed above.

[X]   **STATE:** I declare under penalty of perjury under the laws of Ohio that the above is true and correct.

Executed on May 4, 2011, at Los Angeles, California.

By____/s/ Nicholas J. Bontrager_____
         Nicholas J. Bontrager

16