IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00131-MSK-KMT

TANISHA TANKERSLEY,

       Plaintiff,

v.

CONTINENTAL COLLECTION AGENCY,

       Defendant.

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (**#23**), to which the Defendant responded (**#25**), and the Plaintiff replied (**#26**).  Having considered the same, the Court FINDS and CONCLUDES as follows.

This is an action pursuant to the Fair Debt Collection Practices Act.  The matter was settled after the Plaintiff accepted an offer of judgment, which provided an award of $250 and "reasonable attorney's fees and costs incurred by Plaintiff, to be determined by the court upon noticed motion should the parties be unable to agree upon the amount of such fees and costs."  **#15**.  Plaintiff moved for an award of attorney fees, which was denied on the following grounds:

> Although the applicable provisions of the Fair Debt Collection Practices Act allow counsel for a prevailing plaintiff to recover reasonable fees and costs without the client having incurred (or being liable for) same, the Plaintiff and her counsel waived such statutory right in the accepting Defendant's offer of judgment [15] which specifically limited the Defendant's obligation to pay. Under the terms of the stipulated judgment, the Defendant is obligated to pay only reasonable costs and attorney's fees "incurred by the

> Plaintiff". According to her motion, the Plaintiff was represented by counsel "free of charge", thereby incurring no attorney fees and costs. In accordance with the stipulated judgment, therefore, Plaintiff's counsel is not entitled to any award.

Order, # **22**.

Plaintiff moves to amend the judgment and to grant her attorney fees. She argues that despite her own representation in her motion that counsel's services were provided "free of charge," these services were not provided *pro bono*. Rather, according to her retainer agreement with her attorneys, representation is undertaken pursuant to the fee-shifting provisions of the Fair Debt Collection Practices Act. Under the agreement, Plaintiff is only required to pay fees under certain circumstances, including if she agrees "to accept a settlement without a requirement that Defendant(s) fully pay [her attorneys'] fees." Plaintiff contends that because the Court declined to award fees pursuant to the offer of judgment, this contractual obligation means that she in fact "incurred" attorney fees and the Court's order is therefore in error. She also argues that it will cause manifest injustice if she is required to pay her attorneys for the services they provided.

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id. See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Plaintiff's evidence regarding her retainer agreement is clearly not new and there is no reason that she could not have raised this argument in the original briefing on the motion for

attorney fees; the Defendant clearly argued in its response brief that Plaintiff had not incurred fees and therefore was not entitled to an award under the offer of judgment. The motion could be denied on this basis alone.

Moreover, Plaintiff has not shown clear error or manifest injustice. That Plaintiff accepted a settlement offer that may have violated her agreement with her attorneys and may require her to pay them personally does not demonstrate clear error in the Court's determination that the plain language of the offer of judgment did not require Defendant to pay fees where none had been incurred by Plaintiff at the time of her motion.[1] Moreover, Plaintiff has not demonstrated manifest injustice in the denial of her motion for attorney fees. Plaintiff will only be required to pay fees if her attorneys enforce the retainer agreement, to which she may have defenses. Plaintiff has not demonstrated that she is entitled to relief under Rule 59(e).

**THEREFORE, IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (**#23**) is **DENIED**.

Dated this 21st day of November, 2011

BY THE COURT:

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge

---

[1] There is no evidence that even now she has incurred any fees, only that she might if the agreement is enforced against her.